UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLUWAV SYSTEMS, LLC,

      Plaintiff,

v.

Case No. 09-13878
Hon. Lawrence P. Zatkoff

EDWARD G. DURNEY,

      Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 21, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGe

### I. INTRODUCTION

This matter comes before the Court on Defendant's motion for limited discovery [dkt 78]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's motion is DENIED.

### II. BACKGROUND

This action arises out of a settlement agreement between WaveCrest Laboratories LLC, Plaintiff BluWav Systems LLC's ("BluWav") predecessor-in-interest, and Defendant, a patent attorney. Plaintiff claims that Defendant violated the settlement agreement by filing suit related to

patent work he performed for WaveCrest Laboratories LLC.  A scheduling conference was held in the matter on December 7, 2010, and the Court's scheduling order provided for a March 3, 2011, discovery deadline.

On June 20, 2011, Defendant filed the present motion to allow limited discovery so that Defendant may learn whether BluWav has gone out of business.  According to Defendant, he discovered several documents on the internet suggesting that BluWav has sold its assets and gone out of business, but that such documents are not clear as to that fact.  He seeks leave of the Court to request documents and serve interrogatories related to this issue.

### III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 16(b), "a schedule may be modified only for good cause and with the judge's consent."  In order to establish "good cause," parties must show that "despite their diligence they could not meet the original deadline."  *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003).  In deciding whether the "good cause" standard is met, it is also important to consider "whether the opposing party will suffer prejudice" due to the schedule modification.  *Id*. at 906 (citing *Inge v. Rock Fin. Corp*., 281 F.3d 613, 625 (6th Cir. 2002)).

### IV. ANALYSIS

After considering Defendant's motion, the Court finds that Defendant has failed to demonstrate that, despite his diligence, he could not have obtained his requested discovery within the original deadline.  While Defendant asserts that he only recently discovered documents suggesting that BluWav has sold assets, Defendant does not rebut Plaintiff's assertion that this information was available to the public on the internet for at least six weeks before the discovery

deadline.  Furthermore, Defendant has presented no legal authority or cogent argument explaining why BluWav's current status is relevant to the claims at issue in this case.  Therefore, the Court finds that Defendant has not demonstrated good cause to begin additional discovery proceedings.

## V. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant's motion for limited discovery [dkt 78] is DENIED.

IT IS SO ORDERED.

                                          S/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated:  July 21, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 21, 2011.

                                          S/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290