UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLUWAV SYSTEMS, LLC,

                                                                   CASE NO. 09-13878
      Plaintiff,                                HON. LAWRENCE P. ZATKOFF

v.

EDWARD G. DURNEY,

      Defendant.
_____/

**ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 5, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on the parties' supplemental briefing directed by the Court regarding the amount of reasonable attorney fees and costs incurred by Plaintiff. The Court's previous Opinion and Order [dkt 97] granted Plaintiff summary judgment on its claim for breach of a settlement agreement and noted that Plaintiff "is entitled to reimbursement of attorney fees and other litigation costs related to defending itself in the 2009 Action and in the instant case to enforce the Settlement Agreement." After determining that Defendant breached the settlement agreement, the Court directed the parties to submit supplemental briefing solely in regard to the amount of reasonable attorney fees and costs incurred by Plaintiff.

## II. BACKGROUND

The factual background of this case is more fully set forth in the Court's November 7, 2011, Opinion and Order. *See* Dkt. 97. Defendant Edward Durney ("Durney") initiated several lawsuits ("prior

suits") against Plaintiff Bluwav Systems, LLC and/or Plaintiff's predecessors in interest. Durney and Plaintiff eventually entered into a settlement agreement that resolved the prior litigation and prevented future litigation between the parties. Durney agreed not to initiate any new actions against Plaintiff if such actions relate to or are based on any of the prior suits. In return, Plaintiff paid Durney $220,000 for releasing all claims in the prior suits, and an additional $20,000 in exchange for transferring any interest he retained in the work he performed for Plaintiff or Plaintiff's predecessors in interest. The Settlement Agreement contained a liquidated damages provision, stipulating that damages for Durney's breach of the Settlement Agreement would be $220,000, which was the amount paid to Durney in exchange for his release of his claims. The Settlement Agreement also provided that the prevailing party in any action for breach of the Settlement Agreement is entitled to all litigation costs, including attorney's fees.[1] Last, the parties agreed that the Settlement Agreement was a fully integrated contract governed by California law.

After entering into the Settlement Agreement, Durney filed suit against Plaintiff on March 27, 2009, in the U.S. District Court in the Northern District of California ("2009 Action"). Plaintiff then filed the instant case against Durney, claiming that he breached the Settlement Agreement by filing the 2009 Action.

In its November 7, 2011, Order granting Plaintiff summary judgment, the Court determined that Durney did breach the Settlement Agreement by filing the 2009 Action. As the Settlement Agreement provided for attorney fees and costs incurred in both the instant case and the 2009 Action, the Court then ordered the parties to submit supplemental briefing with respect to the reasonability of attorney fees and costs, which is the issue now before the Court.

---

[1] The prevailing party clause states: "The prevailing Party in any action, suit, or other proceeding instituted to remedy, prevent, or obtain relief from a breach of this Settlement Agreement, or arising out of a breach of this [Settlement] Agreement, or arising out of or related to this [Settlement] Agreement, shall recover all of such Party's litigation expenses, including attorneys' fees, incurred in each and every such action, suit, or other proceeding, including any and all appeals or petitions."

## II. LEGAL STANDARD

The Settlement Agreement, which forms the basis for this action, contains a choice of law provision which calls for the application of California law. *Id.* at 4. With respect to attorney fee and cost awards, the State of California has enacted Civil Code section 1717, which provides, in relevant part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs . . . shall be awarded . . . to the prevailing party, then the party who is determined to be the party prevailing on the contract ... shall be entitled to reasonable attorney's fees in addition to other costs.
>
> \*\*\*
>
> Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.

In California, the trial court has broad authority and discretion to determine the amount of reasonable attorney fees and costs. *Montgomery* v. *Bio-Med Specialties, Inc.* 183 Cal. App. 3d 1292, 1297 (1986) (trial court has "wide latitude in determining the amount of an award of attorney's fees" under Civil Code section 1717); *Vella* v. *Hudgins,* 151 Cal. App. 3d 515, 522 (1984) ("The amount to be awarded in attorney's fees is left to the sound discretion of the trial court."). California courts have determined that "[t]he 'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong". *Serrano v. Priest,* 20 Cal. 3d 25, 49 (1977). Under California law, the setting of attorney fees begins with the "lodestar", i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. *PLCM Group, Inc. v. Drexler,* 22 Cal. 4th 1084, 1095 (2000) (citing *Margolin v. Reg'l Planning Comm.*, 134 Cal. App. 3d 999, 1004–05 (1982)).

"Section 1717 provides for the payment of a 'reasonable' fee. After the trial court has performed the calculations [of the lodestar], it shall consider whether the total award so calculated under all of the circumstances of the case is more than a reasonable amount and, if so, shall reduce the section 1717 award so that it is a reasonable figure." *Id.* at 1095–96 (internal citations omitted). "The trial court makes its

3

determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." *Id.* at 1096.

### III. ANALYSIS

Plaintiff's counsel asserts that the total attorney fees and costs stemming from the 2009 Action and the instant case amount to $441,759.65. Plaintiff provides billing sheets and declarations from Dickinson Wright and Sidley Austin to support the reasonableness of this claim. Durney filed a response disputing Plaintiff's claimed amount. Durney's response, however, does not provide any argument or documentation disputing the reasonableness of the claimed fees. Instead, Durney improperly re-argues the merits of his case, claiming to have never breached the Settlement Agreement, while also asserting that the issue of reasonable attorney fees is one for a jury. The Court will briefly address the deficiencies in Durney's supplemental response brief before turning to the reasonableness of fees and costs assessed by Dickinson Wright and Sidley Austin.

#### A. JURY QUESTION

Durney first argues that a jury should decide the amount of reasonable attorney fees that should be awarded in this case. According to Durney, the fact that the Court granted Plaintiff summary judgment without holding a hearing or trial entitles Durney to have a jury decide the issue of reasonable attorney fees. Yet, Durney cites no authority, legal or otherwise, to support this contention. In fact, California courts have actually held the opposite. "Attorney fees permissible under Civil Code section 1717 are to be determined by the court as costs." *Schoolcraft v. Ross*, 81 Cal. App. 3d 75, 82 (1978) (citing *Beneficial Standard Properties, Inc. v. Scharps,* 67 Cal. App. 3d 227, 232 (1977)). Further, "[t]he matter of reasonableness of attorney's fees is within the sound discretion of the trial judge." *Bruckman v. Parliament Escrow Corp.*, 190 Cal. App. 3d 1051, 1062 (1987). Moreover, the grant of summary judgment, where merited, does not invade upon a civil litigant's right to a jury trial. *See Fidelity & Deposit Co. v. United States*, 187 U.S. 315,

4

319-21 (1902); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) (stating that a party's claim that "summary judgment violates the Seventh Amendment guarantee of trial by jury" is "patently meritless"). As such, the issue of reasonable attorney fees falls within the Court's discretion and is not an issue for a jury.

### B. DURNEY'S ARGUMENT ON THE MERITS

Durney also argues that *any* award of attorney fees would be unreasonable because he never actually breached the Settlement Agreement. At this point, however, Durney's breach is no longer at issue. In its November 7, 2011, Order granting Plaintiff summary judgment, the Court determined that Durney did in fact breach the Settlement Agreement and that Plaintiff "is entitled to reimbursement of attorney fees and other litigation costs related to defending itself in the 2009 Action and in the instant case to enforce the Settlement Agreement." *See* Dkt. 97 at 22. Thus, the only remaining issue is to determine the amount to be awarded. In that regard, Plaintiff has provided evidence supporting the attorney fees and costs it claims and has also offered a detailed analysis regarding why the litigation expenses sought for the 2009 Action and this action are reasonable under the California standard. As noted, Durney has failed to challenge the calculation or reasonableness of the fees and costs claimed by Plaintiff. Durney's brief instead asks the Court to reconsider and reverse its prior decision to award attorney fees in this case.

Additionally, Durney appears to also support his contention by questioning Plaintiff's "real motive" in bringing this case. The Court again finds this improper and irrelevant to the issue of reasonable attorney fees and costs. *See Stokus v. Marsh*, 217 Cal. App. 3d 647 (1990) ("The responsibility of the trial court is not to inquire into the motives of the parties but, as was done here, simply to determine whether the fees sought by the prevailing party are reasonable in light of the work required to be done and, if not, to fix an amount that is reasonable.")

Having thus found Durney's supplemental response deficient and devoid of proper argument, the Court is well within its discretion to award Plaintiff's proposed attorney fees and costs. Notwithstanding

this, the Court will nevertheless briefly address the reasonableness of the fees and costs assessed by Dickinson Wright and Sidley Austin.

### C. REASONABLENESS OF ATTORNEY FEES AND COSTS

*a. Dickinson Wright*

The total attorney fees charged by Dickinson Wright in connection with the instant action are $307,542.20. Dickinson Wright's billing statements also itemize $70,629.75 in costs incurred by its attorneys and paralegals. The hourly rates used by Dickinson Wright in assessing its fees are as follows:

> Partners: $304.26/hour for Frank Hamidi, $249.99/hour for Toby White, $369.00/hour for Jonathan Redway, and $436.50/hour for Theodore B. Sylwestrzak;
>
> Associates: $217/hour for Courtney Law, $229.50/hour for Michael Bossenbroek, $247.50/hour for Allison Bach, $211.50/hour for Michael Cook, $184.67/hour for Daniel Phillips, and $202.50/hour for Jennifer Newby;
>
> Paralegals: $161.79/hour for Roger Mason, and $175.00/hour for Lynn Hess.

According to Plaintiff, the total number of hours billed by these attorneys and paralegals is 1151.8 hours.

Based on the experience of the attorneys and the billing rates of comparable attorneys in this area, the Court finds the billing rates used by Dickinson Wright attorneys and staff to be reasonable. These rates appear to be in accord with the market rate for the area. *See* Dkt. 101, ex. 7. More significant, however, is the fact that Durney does not challenge these billing rates.

As to the number of hours billed, the Court notes again at the outset that Durney has not challenged the amount of time billed. Nevertheless, the Court has reviewed the docket, the parties' supplemental briefing, and the other filings in this matter in order to determine the number of hours that were reasonably necessary in this case. Based on the undersigned's review of the filings in this case, the undersigned's experience in presiding over litigation for the past twenty-six years on this bench, and the undersigned's experience as a litigator, the Court concludes that 1151.8 hours is a reasonable amount of time for a case that spanned three years and contained a significant number of filings. Particularly relevant to the Court's

determination is Durney's routine of filing a motion, thereby prompting a response by Plaintiff, only to later withdraw the motion after Plaintiff had already incurred attorney fees.[2]

---

[2] A brief outline of Durney's questionable motion practice is as follows:

1. On October 19, 2009, Durney filed a Counterclaim claiming bad faith against Plaintiff. Plaintiff filed a Motion to Dismiss the Counterclaim on November 6, 2009. Durney filed a response, but later voluntarily dismissed the Counterclaim.

2. On March 26, 2010, Durney filed a First Amended Answer and First Amended Counterclaim. Plaintiff withdrew its earlier Motion to Dismiss, but was forced to file another Motion to Dismiss Amended Counterclaims. Durney responded by filing a Second Amended Counterclaim, which forced Plaintiff to file a third Motion to Strike Durney's Second Amended Counterclaim. Finally, after amending his counterclaim twice and forcing Plaintiff to brief and file several motions to dismiss, Durney voluntarily dismissed his counterclaims.

3. On October 19, 2009, Durney filed a motion to dismiss. After Plaintiff drafted and filed a response, Durney withdrew his motion.

4. On October 23, 2009, Durney filed a motion for summary judgment. Plaintiff again drafted and filed a response. Again, in response, Durney withdrew his motion.

5. On October 29, 2009, Durney filed a Motion for Rule 11 Sanctions. Less than a month later, on November 23, 2009, Durney withdrew the Motion.

6. On November 23, 2009, Durney filed a Motion to Transfer. Plaintiff filed a Response, to which Durney filed a Reply. After full briefing by the parties, but before it could be decided by this Court, Durney withdrew the Motion.

7. On June 10, 2010, Durney filed a Third Party Complaint against Magna International, Inc. ("Magna"). On September 3, 2010, Plaintiff and Magna filed a Motion to Dismiss the Third Party Complaint. Durney then voluntarily dismissed the Third Party Complaint on September 29, 2010.

8. On February 16, 2011, Durney again claimed bad faith and harassment against Plaintiff in his Motion to Dismiss With Prejudice as a Sanction for Bad Faith Prosecution. Plaintiff challenged those assertions in a response brief. Durney voluntarily withdrew his motion.

9. On February 25, 2011, Durney filed a Motion to Quash the Subpoena of Hans Pijls. Durney withdrew the motion.

10. On August 6, 2011, Durney filed a Motion for Order to Add Required Party to which Plaintiff responded. Durney withdrew the motion.

11. On November 21, 2011, Durney filed a Motion for Reconsideration of the Court's Opinion and Order granting Plaintiff summary judgment. Durney later withdrew the motion.

12. On August 14, 2012, Durney filed Motion to Vacate all rulings in this case and to Transfer the case to a different Court, setting forth the frivolous argument that the undersigned has no jurisdiction in this case on the basis of having taken senior status.

Last, with respect to litigation costs, Dickinson Wright clearly itemizes the additional $70,629.75 in costs that it claims, most of which was incurred through use of Westlaw/Lexis online research databases. There is nothing indicating that such costs were excessive or frivolous.

As such, the Court finds the total attorney fees and costs charged by Dickinson Wright as of October 31, 2011—$378,171.95—to be reasonable.

*b. Sidley Austin*

The attorney fees charged by Sidley Austin in connection with the 2009 Action equal $181,240.00. Sidley's billing statements also itemize $11,450.00 in costs incurred by Sidley Austin attorneys and paralegals. Although Plaintiff believes that a great majority of the attorney fees and costs reflected in the Sidley Austin billing statements reflect legal services provided to obtain the dismissal of Plaintiff from the 2009 Action, Plaintiff acknowledges that some portion of the services provided may have benefited the two other named defendants in that case. To eliminate any doubt as to the reasonableness of the litigation expenses being sought here, Plaintiff only seeks to recover one-third of the total fees and costs charged by Sidley Austin in relation to the 2009 Action.

The hourly rates used by Sidley Austin attorneys and paralegals are as follows:

Partners: $925.00/hour for S.M. Freeman, $875.00/hour for J.G. Hutchinson, $700.00/hour for H. Cohen, $685.00/hour for B.K. Anderson

Associates: $625/hour for P.C. Brensilver, $600/hour for E.P. Williams, $470/hour for A.R. Bleharski, and $425/hour for P.E. Kennel

Paralegals: $220/hour for E.K. Root, $195/hour for J.W. Russo

Additionally, the total number of hours billed by Sidley Austin is 304.75.

Based on the undersigned's review of the filings in this case, the undersigned's experience in presiding over litigation for the past twenty-six years on this bench, and the undersigned's experience as a litigator, the Court finds that the billing rates claimed by Sidley Austin's attorneys and paralegals are not reasonable. The hourly charges are roughly three times as much as the hourly charges of Dickinson Wright

attorneys, and the hourly rate charged by Sidley Austin's paralegals is comparable to that charged by one Dickinson Wright partner and all of its associates. The Court acknowledges that, among other things, differences in legal markets, lawyer aptitude, and law firm reputation may account for differences in hourly charges. The Court also notes, however, that Sidley Austin, unlike Dickinson Wright, provides neither a means of assessing their hourly fees against the market rate in the appropriate region, nor any information regarding their attorneys' relevant experience or training. As such, the Court finds a 40% reduction in Sidley Austin's hourly attorney and paralegal fees to be reasonable in this matter.

Turning to the number of hours billed, the Court cannot determine exactly what happened on any particular day the attorneys billed on this matter. The Court therefore has reviewed the docket, the instant motion, and the other filings in this matter in order to determine the number of hours that were reasonably necessary in this case. Based on the undersigned's review of the filings in this case, the undersigned's experience in presiding over litigation for the past twenty-six years on this bench, and the undersigned's experience as a litigator, the Court concludes that the 304.75 hours charged by Sidley Austin comprise an unreasonable amount.

Although Sidley Austin filed a Motion for leave to file their Motion to Dismiss in the 2009 Action, no Motion to Dismiss was ever filed in that case, as Durney voluntarily dismissed his claim against Plaintiff shortly after Sidley Austin filed the Motion for leave. Additionally, the 2009 Action involved significantly less filings than does this case and was relatively short-lived, having spanned only five months from the time of the complaint to the time Durney voluntarily dismissed Plaintiff. In fact, there appears to have been no substantive motions to which Plaintiff responded, and only one substantive motion filed by Plaintiff. Moreover, Sidley Austin's billing statements contain several discrepancies that tend to indicate unnecessary fees and charges. Rather than conducting an intensive line by line analysis of Sidley Austin's billing summaries, the Court notes two particular examples of unnecessary fees that support the Court's determination that 304.75 hours is an unreasonable amount.

First, the great majority of the 153.5 hours billed by P.C. Brensilver—at $625 per hour— appear to be devoted to researching and drafting Plaintiff's Motion to Dismiss. Yet, as noted above, the Motion to Dismiss was never filed, and even if it were, Plaintiff's characterization is that the Motion to Dismiss would have set forth a relatively straightforward argument—namely that Durney's claims against Plaintiff were barred by *res judicata*. Thus, spending 153.5 hours on a Motion to Dismiss that was never filed, in a case that lasted approximately five months before Plaintiff was dismissed, appears to be unreasonable.

Second, the Court notes three particular hours billed by A.R. Bleharski on June 18, 2009—at $470 per hour—to "draft and file notice of declination to proceed before U.S. Magistrate Judge." The Court's review of the notice referred to in the billing entry reveals a document consisting of exactly one sentence: "The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge." There are few, if any, circumstances that would warrant a charge of $1410 to "draft and file" this lone sentence.

As such, The Court finds that a 40% reduction in Sidley Austin's billed hours is reasonable in this case.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff is entitled to the reduced aggregate amount of $418,236.62 as an award of attorneys' fees and costs in this matter, to be allocated as follows:

| **DICKINSON WRIGHT** | |
|---|---:|
| Costs | **$70,629.75** |
| Attorney Fees | **$307,542.20** |
| **SIDLEY AUSTIN** | |
| Costs[3] | **$3,816.67** |
| Attorney Fees: | |
| *Claimed*      $181,240.00 | |
| *Minus 40% ($72,496.00) equals*      $108,744.00 | |
| *Minus 2/3 ($72,496.00) equals*[4]      $36,248.00 | |
| *Total Attorney Fees* | **$36,248.00** |
| **TOTAL COSTS AND FEES AWARDED:** | **$418,236.62** |

IT IS FURTHER ORDERED that the total costs and fees amount of $418,236.61 shall be added to the liquidated damages amount of $220,000, resulting in a total of $638,236.61 awarded to Plaintiff.

IT IS SO ORDERED.

Date: November 5, 2012                       s/Lawrence P. Zatkoff
                                                                    HON. LAWRENCE P. ZATKOFF
                                                                    U. S. DISTRICT COURT JUDGE

---

[3] As noted, *supra*, Plaintiff's counsel has indicated that because Sidley Austin performed legal work for Defendant and two other defendants in the 2009 Action, Plaintiff's counsel will only seek to recover one-third of Sidley Austin's total costs and fees.

[4] *See* above, n. 3.